UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRACEY GUTHRIE, § | | |
|     *Plaintiff* § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:19-cv-00560 | |
| § | | |
| REGIONAL PLASTIC SURGERY § | | |
| CENTER, P.A., § | JURY REQUESTED | |
|     *Defendant* § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL**

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

COMES NOW, Tracey Guthrie, Plaintiff in the above entitled and numbered cause, complaining of Regional Plastic Surgery Center, P.A., and files this Original Complaint and Demand for Jury Trial, and in support thereof respectfully show the Court as follows:

**I.**
**INTRODUCTION**

1. This action is brought under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621 et seq. ("**ADEA**") and the Texas Commission on Human Rights Act, Tex. Lab. Code §§ 21.001 et seq. ("**TCHRA**").

**II.**
**PARTIES**

2. Plaintiff Tracey Guthrie ("Mrs. Guthrie"), is a resident of the City of Van Alstyne, Collin County, Texas. Plaintiff was an "employee" as defined in 29 U.S.C. § 630(f) and Tex. Lab. Code § 21.002(7), respectively, in that at all times material to her claims Plaintiff was employed by the Defendant.

3. Defendant Regional Plastic Surgery Center, P.A. ("RPSC') is a Texas Professional Association authorized to do business in the State of Texas and may be served with process by serving its Registered Agent, Denton Watumull, 3201 E. President Bush Hwy, Suite 101, Richardson, Texas 75082.

### III.
### JURISDICTION AND VENUE

4. This court has federal question under 28 U.S.C. § 1331, and enforcement jurisdiction under 29 U.S.C. § 626(b). Furthermore, this court has supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367(a) as they are so related to Plaintiff's claims in the action within such original jurisdiction that they form part of the same case or controversy.

5. Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of Texas.

### IV.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Mrs. Guthrie timely filed a charge of employment discrimination against RPSC with the District Office of the Equal Employment Opportunity Commission. Mrs. Guthrie received a "Notice of Right to Sue" concerning the charge by letter from the EEOC, dated April 26, 2019, entitling her to institute a civil action within 90 days of the date of the receipt of said notice.

### V.
### FACTUAL BACKGROUND

7. Mrs. Guthrie is fifty-seven (57) years of age. At the time of the discriminatory conduct complained of in this suit, Mrs. Guthrie was fifty-six (56) years of age.

8. Mrs. Guthrie began working for Dr. P.T. Swamy and the Swamy Clinic, P.A. (the "Swamy Clinic"), in April 1989 as a Medical Surgery Assistant, earning about $8.00 per hour. Mrs. Guthrie

was a devoted, loyal, and hard-working employee who worked for the Swamy Clinic for over 25 years. Not once during her remarkable tenure was her work-ethic ever called into question. It goes without saying that the Swamy Clinic considered her an invaluable asset and employee. Since first beginning her career with the Swamy Clinic, Mrs. Guthrie received incremental raises, eventually earning as much as $20.00 per hour (roughly $41,600.00 annually), which was what Mrs. Guthrie was earning at the time of her termination. Additionally, as part of her compensation package, Mrs. Guthrie had received an annual bonus of about $1,500.00, a full benefits package, including dental, health and vision insurance, and was also given free botox from time to time.

9. On or about October 1, 2017, the Swamy Clinic was acquired by Regional Plastic Surgery Center, P.A. ("RPSC"), at which point RPSC assumed Mrs. Guthrie's employment and compensation. Following this change in ownership, Mrs. Guthrie continued to faithfully and diligently serve the clinic as an employee of RPSC with a first-one-in, last-one-out mentality. Although the transition brought demanding changes, including the need to become acquainted with two unfamiliar and antiquated computer systems, Mrs. Guthrie met these challenges head-on, with excitement and enthusiasm. In fact, RPSC even recognized as much in Mrs. Guthrie's annual review in February of 2018.

10. However, on or about April 6, 2018, without any prior warning or indication of what was coming, Mrs. Guthrie was called into the front conference room by Defendant's Practice Administrator, and abruptly terminated for being "resistant to change." As one of the most senior employees, in both age and tenure, it was clear that the true reason for her termination was her age (56), and RPSC has retained younger, less qualified and less experienced Medical Assistants since the termination of Mrs. Guthrie.

11. In fact, RPSC even indicated as much when it shamelessly attempted to procure Mrs. Guthrie's signature on a Separation Agreement and Release which explicitly and specifically attempted to prevent Mrs. Guthrie from pursuing an age discrimination claim against RPSC.

12. As a result of RPSC's blatant display of age discrimination, Mrs. Guthrie was left unemployed for several months and struggled to make ends meet and support her family.

## VI.
## CAUSES OF ACTION

**COUNT I: VIOLATIONS OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT**

13. Mrs. Guthrie incorporates each and every paragraph in this Complaint as if fully set forth herein.

14. Mrs. Guthrie has satisfied all jurisdictional prerequisites in connection with her claims under the ADEA.

15. RPSC's actions as described above constitute intentional age discrimination under 29 U.S.C. § 623(a)(1).

16. As a result of the RPSC's discrimination, Mrs. Guthrie has suffered and will continue to suffer pecuniary losses including, but not limited to, lost wages and benefits associated with her employment.

17. RPSC's actions were willful, thereby entitling Mrs. Guthrie to liquidated damages under 29 U.S.C. § 626(b).

**COUNT II: VIOLATIONS OF THE TEXAS COMMISSION ON HUMAN RIGHTS ACT**

18. Mrs. Guthrie incorporates each and every paragraph in this Complaint as if fully set forth herein.

19. The employment practices complained hereof were intentional.

20. RPSC's actions as described above constitute unlawful discrimination based on age under Tex. Lab. Code § 21.051(1).

21. As a result of RPSC's discrimination, Mrs. Guthrie has suffered and will continue to suffer pecuniary losses including, but not limited to, lost wages and benefits associated with her employment.

22. As a further result of RPSC's discriminatory conduct, Mrs. Guthrie has suffered non-pecuniary losses, including, among others, humiliation, damage to professional and personal reputation, undue stress, anxiety, and anguish, and other non-pecuniary losses.

23. RPSC has acted with malice and/or reckless indifference to Mrs. Guthrie's state-protected rights, thereby entitling her to punitive damages under Tex. Lab. Code § 21.2585.

24. RPSC's conduct forced Mrs. Guthrie to retain the assistance of counsel in order to redress the harms inflicted upon her. Consequently, Mrs. Guthrie seeks reasonable attorney's fees, expert fees, and court costs under Tex. Lab. Code § 21.259.

## VII.
## DAMAGES

25. As a direct and proximate result of RPSC's conduct, Mrs. Guthrie has suffered the following injuries and damages:

    (a) Discharge from employment with RPSC. Although Plaintiff has diligently sought and continues to seek other employment, she has been unable to find a job, at comparable pay;

    (b) Lost wages and benefits. Reinstatement of Plaintiff in her previous position is impractical and unworkable. Therefore, Plaintiff seeks an award of front pay and retirement benefits to compensate her; and

    (c) Mental Anguish and Liquidated damages within the meaning of the ADEA, as RPSC's conduct was an intentional and willful violation of the ADEA and TCHRA.

# VIII.
# JURY DEMAND

26. Pursuant to the Seventh Amendment of the U.S. Constitution, 29 U.S.C. § 626(c)(2), and Federal R. Civ. P. 38(b), Plaintiff requests a jury trial on all issues triable of right by a jury.

# PRAYER

WHEREFORE, Plaintiff demands a jury trial on all issues, respectfully prays that Defendant be summoned to appear and answer herein, and respectfully requests that this honorable court award:

(a) Back pay to Plaintiff including, but not limited to, lost wages and employment benefits from the date of constructive discharge to the date of trial;

(b) Equitable relief necessary to place Plaintiff in the position that she would have held but for Defendants' discriminatory treatment, and if such relief is not feasible, front pay;

(c) Actual damages;

(d) Liquidated damages in the maximum amount allowed by law;

(e) Compensatory and/or punitive damages in the maximum amount allowed by law;

(f) Prejudgment interest on lost wages and benefits and post-judgment interest on all sums, including attorney's fees, in the maximum amount allowed by law;

(g) Reasonable attorney's fee, expert fees, and costs of suit; and

(h) Such other legal or equitable relief as may be appropriate to effectuate the purpose of the ADEA or TCHRA.

DATED: July 26, 2019

Respectfully submitted,

*/s/ Levi G. McCathern, II*
Levi G. McCathern, II
State Bar No. 00787990
lmccathern@mccathernlaw.com

McCathern, PLLC
3710 Rawlins St., Suite 1600
Dallas, TX 75219
214-741-2662 telephone
214-741-4717 facsimile

**ATTORNEYS FOR PLAINTIFF**