IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRACEY GUTHRIE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:19-cv-00560 |
| | § | |
| REGIONAL PLASTIC | § | |
| SURGERY CENTER, P.A., | § | |
| | § | |
| *Defendant.* | § | |

# DEFENDANT'S ORIGINAL ANSWER

**TO THE HONORABLE SEAN D. JORDAN:**

Defendant Regional Plastic Surgery Center, P.A. ("RPSC") hereby files its Original Answer to Plaintiff's Complaint.

## I.
### PLAINTIFF'S ORIGINAL COMPLAINT AND DEMAND FOR JURY TRIAL

1. RPSC denies that any injury for discriminatory treatment has been done to Plaintiff Tracey Guthrie ("Guthrie"). RPSC admits the remaining allegations in this paragraph.

2. RPSC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of this paragraph. RPSC admits the remaining allegations in this paragraph.

3. RPSC admits this paragraph in its entirety.

4. RPSC admits this paragraph in its entirety.

5. RPSC admits this paragraph in its entirety.

6. RPSC admits this paragraph in its entirety.

7. RPSC admits this paragraph in its entirety.

8. RPSC admits that Guthrie was paid $20.00 per hour at the time her employment with RPSC was terminated in April 2018. RPSC admits that Guthrie received a benefits package including dental, health and vision insurance, and was provided with Botox treatment at no cost on at least one occasion. RPSC denies that Guthrie received an annual bonus of about $1,500. RPSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

9. RPSC admits that it acquired Swamy Clinic, P.A. ("Swamy Clinic") on or about October 1, 2017. RPSC admits that it continued to employ Guthrie after it acquired the Swamy Clinic. RPSC denies the remaining allegations in this paragraph.

10. RPSC admits that after Guthrie failed to respond to counseling and training designed to encourage her to improve her job performance, RPSC's Practice Administrator informed Guthrie that her employment was terminated on or about April 6, 2018. RPSC denies the remaining allegations in this paragraph.

11. RPSC admits that it offered Guthrie a Separation Agreement and Release, which is consistent with the way RPSC has treated other employees who have been terminated based on unsatisfactory job performance. RPSC denies the remaining allegations in this paragraph.

12. RPSC denies that it discriminated against Guthrie. RPSC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

13. RPSC is not required to respond to this paragraph.

14. RPSC admits this paragraph in its entirety.

15. RPSC denies that it discriminated against Guthrie.

16. RPSC denies that it discriminated against Guthrie. RPSC denies the remaining allegations in this paragraph.

17. RPSC denies that it discriminated against Guthrie. RPSC denies that Guthrie is entitled to liquidated damages.

18. RPSC is not required to respond to this paragraph.

19. RPSC denies this paragraph in its entirety.

20. RPSC denies that it discriminated against Guthrie.

21. RPSC denies that it discriminated against Guthrie. RPSC denies the remaining allegations in this paragraph.

22. RPSC denies that it discriminated against Guthrie. RPSC denies the remaining allegations in this paragraph.

23. RPSC denies that it acted with malice and/or reckless indifference to Guthrie's state-protected rights. RPSC denies that Guthrie is entitled to punitive damages.

24. RPSC denies this paragraph in its entirety.

25. RPSC denies that Guthrie has suffered any injuries or damages as a result of conduct by RPSC.

26. RPSC admits that Guthrie demands a jury.

## II.
### AFFIRMATIVE DEFENSES

27. The decisions Guthrie challenges were based on reasonable business factors other than age.

28. Pleading further, if the same be necessary, any employment action taken by RPSC with regard to Guthrie was for legitimate, nondiscriminatory reasons.

29. Pleading further, if same be necessary, RPSC would show that it would have terminated Guthrie's employment regardless of any improper motive.

30. The sole proximate cause of Guthrie's injuries and damages, if any, are her own acts or omissions.

31. Pleading further, if the same be necessary, in the unlikely event there are findings of unlawful discrimination, neither RPSC nor its agents, employees and/or managers engaged or were authorized to engage in a discriminatory or retaliatory practice with malice or with reckless indifference to Guthrie's statutorily-protected rights that would warrant exemplary damages.

32. Guthrie's claims for exemplary damages are limited or barred under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

33. Guthrie's damages under the Age Discrimination in Employment Act are limited under 29 U.S.C. § 216(b).

34. Guthrie's damages under the Texas Commission on Human Rights Act are limited under § 21.2585 of the Texas Labor Code.

35. Guthrie's recovery of damages, if any, are limited by after-acquired evidence.

36. Guthrie failed to mitigate her alleged damages.

37. RPSC reserves the right to amend and/or supplement these defenses as additional facts come to light during the discovery process.

## PRAYER

Wherefore, premises considered, RPSC requests judgment of the Court as follows:

1. Guthrie take nothing by way of this suit;

2. RPSC recover all costs, including attorneys' fees, expended on its behalf; and

3. RPSC recover such other and further relief, either at law or in equity, to which it may be justly entitled.

Respectfully submitted,

**HALLETT & PERRIN, P.C.**
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
214.953.0053
(f) 214.922.4142


By: *Monte K. Hurst*
     Monte K. Hurst
     State Bar No. 00796802
     Monte.Hurst@hallettperrin.com

     Molly B. Cowan
     State Bar No. 24025312
     MCowan@hallettperrin.com

     *Counsel for Defendant Regional*
     *Plastic Surgery Center, P.A.*


## CERTIFICATE OF SERVICE

On October 10, 2019, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served Plaintiff's counsel of record, as follows, electronically or by another manner authorized by Rule 5(b)(2) of the Federal Rules of Civil Procedure:

Mr. Levi G. McCathern, II
MCCATHERN, PLLC
3710 Rawlins Street, Suite 1600
Dallas, Texas 75219
LMcCathern@mccathernlaw.com


                                          *Monte K. Hurst*
                                          Monte K. Hurst