IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| TRACEY GUTHRIE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Case No.: 4:19-CV-560-SDJ-KPJ |
| REGIONAL PLASTIC SURGERY | § | |
| CENTER, P.A., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## MEMORANDUM AND OPINION

Pending before the Court are the following Motions:

(1) Defendant's Motion for Continuance and Extension of Deadlines (the "Motion") (Dkt. 21); and

(2) Defendant's Amended Motion for Continuance and Extension of Deadlines (the "Amended Motion") (Dkt. 23).

On July 26, 2019, Plaintiff Tracey Guthrie ("Plaintiff") filed this lawsuit against Defendant Regional Plastic Surgery Center, P.A. ("Defendant"), alleging violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and violations of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE § 21.001 *et seq. See* Dkt. 1. On October 10, 2019, Defendant filed its Answer (Dkt. 7), after which the Court entered an Order Governing Proceedings (Dkt. 8) and a Scheduling Order (Dkt. 12). The Court later entered a First Amended Scheduling Order (Dkt. 19), wherein the Court set a discovery deadline of August 24, 2020, a dispositive motion deadline of September 11, 2020, a mediation deadline of October 5, 2020, and a window of February 1 to 26, 2021 for a jury trial. *See* Dkt. 19.

On October 8, 2020—after the deadlines for discovery, dispositive motions, and mediation had passed—Defendant filed the present Motion (Dkt. 21). In the Motion, Defendant represents it has not yet taken the deposition of Plaintiff, as Defendant had been waiting for the production of medical and employment documents so it could more adequately depose Plaintiff. *See id.* Defendant also represents it postponed scheduling a mediation conference because it wanted to take Plaintiff's deposition prior to any mediation conference. *See id.*

Because Defendant received all the documents it requested on October 6, 2020—after the deadlines for discovery, dispositive motions, and mediation had passed—Defendant requested all deadlines in the First Amended Scheduling Order (Dkt. 19) be continued by one hundred twenty (120) days. *See id.* The Motion did not discuss the good cause standard under Federal Rule of Civil Procedure 6(b), or otherwise brief the matter. *See id.*; *see also* FED. R. CIV. P. 6(b) (allowing a court to extend filing periods for good cause).

On October 15, 2020, Plaintiff filed a Response (Dkt. 22) opposing the motion, wherein Plaintiff noted that "an attorney can take an individual's deposition prior to receiving every potential record about their history." *See id.* at 2. Plaintiff argued Defendant's delay was self-imposed, and thus, the Motion should be denied, or, in the alternative, the discovery deadline should be continued an additional thirty (30) days. *See* Dkt. 22 at 4. Plaintiff's Response cited *Squyres v. Heico Cos., LLC*, 782 F.3d 224, 237–38 (5th Cir. 2015), a case discussing the good cause standard under Rule 16, but not Rule 6.

On October 19, 2020, Defendant filed the Amended Motion (Dkt. 23), which requests the same relief as the Motion, adds additional details regarding the dispute, and corrects a signature deficiency. Again, the Amended Motion is silent as to Rule 6's good cause standard.

2

On December 7, 2020, the Court held a telephonic hearing to discuss the Motion and Amended Motion (the "Hearing"). *See* Minute Entry for December 7, 2020. At the Hearing, Defendant explained the medical and employment documents it sought were highly relevant to the claims and defenses in this action, and the COVID-19 pandemic has posed difficulties. The Court acknowledged the challenges imposed by the current pandemic, and agreed the documents Defendant sought were relevant and significant for the deposition and any mediation conference. *See id.* However, the Court expressed confusion about the Motion's timing. To be sure, the Motion was filed only three days after the deadline for mediation had passed; however, it was filed *six weeks* after the deadline for discovery had passed and *four weeks* after the deadline for dispositive motions had passed. *See id.* Both parties provided their explanations on the record, but neither discussed Rule 6's good cause standard and how it justifies extending deadlines after such deadlines have expired. *See id.*

Under Rule 6, if the motion for extension of time is made after the expiration of a deadline, a party must show that it failed to act because of excusable neglect. *See* FED. R. CIV. P. 6(b)(1)(B). "Although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993) (footnotes omitted). "Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (alteration in original) (internal quotation

marks and citations omitted). "Even if good cause and excusable neglect are shown, it nonetheless remains a question of the court's discretion whether to grant any motion to extend time under Rule 6(b)." *McCarty v. Thaler*, 376 F. App'x. 442, 444 (5th Cir. 2010) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 894–98 (1990)).

The Court finds Defendant has legitimate reasons for seeking medical and employment records from Plaintiff prior to deposing her and participating in a mediation conference. Such documents are likely critical to Defendant's ability to assess the likelihood of prevailing and are frequently produced in cases involving the ADEA and TCHRA. The Court also recognizes that the current pandemic imposes significant and unprecedented difficulties, particularly with respect to scheduling, obtaining and producing information, and meeting court-ordered deadlines. Further, the Court finds that Defendant would be substantially prejudiced if it were not permitted to depose Plaintiff.

On the other hand, the Court finds that Defendants have not met Rule 6's good cause standard for extending the current deadlines. Further, continuing all deadlines in the First Amended Scheduling Order (Dkt. 19) by one hundred twenty (120) days—particularly the trial date—would be prejudicial to Plaintiff.

For these reasons, the Court exercises its discretion under Rule 6 and finds Defendant's Amended Motion (Dkt. 23) is hereby **GRANTED IN PART** and **DENIED IN PART**, and Defendant's Motion (Dkt. 21) is **DENIED AS MOOT**.

The Court **DENIES** Defendant's Amended Motion (Dkt. 21) as to a one hundred twenty (120) day continuance of the trial date and an extension of all deadlines, as set forth in the Court's First Amended Scheduling Order (Dkt. 19).

The Court **GRANTS** a limited continuance of the dates set in the First Amended Scheduling Order (Dkt. 19), described in more detail below.

**IT IS ORDERED** that the parties shall file a joint proposed scheduling order on or before **December 18, 2020**. In their proposed scheduling order, the parties are permitted to request a trial date up to thirty (30) days beyond the date currently set in the Court's First Amended Scheduling Order (Dkt. 19), but no further. The parties are permitted to request mediation and dispositive motion deadlines up to thirty (30) days after the day the proposed scheduling order is filed. However, the Court notes that the parties are not entitled to a resolution of any dispositive motion prior to trial. The previous deadline of September 11, 2020, only allowed a brief amount of time for resolution of dispositive motions before trial, and the extension will make the opportunity for adequate responsive briefing and Court review extremely limited.

With respect to discovery, the Court considers all discovery closed, with the exception of the taking of any depositions. Thus, from the date of the parties' joint filing, the Court shall grant a continuance of thirty (30) days for the parties to complete the taking of depositions. Other discovery activities will not be permitted. With respect to the remaining pretrial deadlines that have not yet passed, the parties are permitted to propose deadlines up to thirty (30) days beyond the deadlines currently set in the First Amended Scheduling Order (Dkt. 19), but no further.

**IT IS FURTHER ORDERED** that in their joint proposed scheduling order, the parties shall identify which deadlines are agreed upon by the parties and which deadlines create disagreement. If there is a disagreement regarding a deadline, the parties shall note it in their joint filing, identify each party's preferred date, and briefly explain each party's position. The Court will enter a Second Amended Scheduling Order without conducting an additional hearing.

**So ORDERED and SIGNED this 11th day of December, 2020.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE